Jennifer Lynn Tunder, Esq. (SBN 291806)
Law Offices of Robert S. Gitmeid & Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
Tel (212) 226-5081
Fax (866) 249-1137
Email: jennifer.tunder@gitmeidlaw.com

*Attorney for Plaintiff Sarah Stone*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sarah Stone,<br>　　　　Plaintiff,<br>　　vs.<br><br>Discover Bank and Zwicker & Associates, P.C.<br>　　　　Defendant(s). | **Case No. 2:20-cv-4634**<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE § 1788**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff by and through her attorney of record, and hereby file this complaint and alleges as follows:

**I. INTRODUCTION**

1.1   This is an action against Defendant Discover, for breach of contract and breach of the implied covenant of good faith and fair dealing.

1.2   Additionally, this is an action for damages brought by an individual consumer for Defendant Zwicker & Associates, P.C.'s, violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1.3     Further, this is an action against Defendant Discover Bank and Defendant Zwicker for violations of the Rosenthal Fair Debt Collection Practices Act (hereafter "Rosenthal Act"), CA CIVIL § 1788, et seq.  The Rosenthal Act prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.

## II. JURISDICTION

2.1     This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692. The Court has supplemental jurisdiction for any state claims pursuant to 28 U.S.C. § 1367(a).

2.2     Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## III. PARTIES

3.1     Plaintiff Sarah Stone (hereinafter "Plaintiff") is a resident of Simi Valley, California.

3.2     Defendant Discover Bank ("Discover") is a for-profit business entity organized and existing under the law of Delaware, which is regularly engaged in the business of collecting debts in California and has its principal place of business located at 502 East Market Street, Greenwood, Delaware 19950.

3.3     Defendant Zwicker & Associates, P.C. ("Zwicker"), is a for-profit business entity organized and existing under the law of Massachusetts, which is regularly engaged in the

business of collecting debts in California and has its principal place of business located at 170 West Election Road, Suite 125, Draper, Utah, 84020.

### IV. FACTS

4.1     Defendant Discover issued a credit card, ending in account number 1114, to Plaintiff relating to consumer purchases.

4.2     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

4.3     On July 19, 2017, Defendant Discover entered into a settlement agreement with Plaintiff to settle and close Plaintiff's Discover Bank account ending in 1114.  A copy of the settlement agreement is attached hereto as **Exhibit A**.

4.4     Pursuant to the settlement agreement, Plaintiff was required to pay one lump-sum payment totaling $3,127.00.

4.5     On July 31, 2017, Plaintiff made the requisite lump-sum payment, totaling $3,127.00, to Defendant Discover and Defendant Discover accepted Plaintiff's payment. A copy of the proof of payment is attached hereto as **Exhibit B**.  Attached to the proof of payment is a letter from Global Client Solutions, LLC, Plaintiff's debt settlement payment processor, confirming that Defendant Discover requested Plaintiff's payment, and that Plaintiff paid said request.

4.6     On March 05, 2018, Plaintiff, through her debt settlement representative, contacted Defendant Discover via telephone, and spoke with Ashley, an employee of Defendant Discover.  During this call, Ashley communicated to Plaintiff that Plaintiff's Discover Bank account was charged off on July 31, 2017.  Ashley then advised Plaintiff to contact

Defendant Zwicker as Defendant Zwicker was then assigned to collect on Plaintiff's account.

4.7     On March 21, 2018, Plaintiff, through her debt settlement representative, contacted Defendant Discover via telephone, and spoke with "Valerie", an employee of Defendant Discover.  During this call, Plaintiff communicated to Valerie that Plaintiff's Discover Bank account was settled and paid on July 31, 2017.  Valerie responded that the lump-sum payment of $3,127.00 did not clear and the payment was returned to Plaintiff.

4.8     Plaintiff did not receive a return of the lump-sum payment totaling $3,127.00.  A copy of the Affidavit of Sarah Stone, attesting to this, is attached hereto as **Exhibit C**.

4.9     Between March 2018 and December 2019, Plaintiff, through her debt settlement representative, continued to dispute with Defendant Discover and Defendant Zwicker the assertion that Defendant Discover returned Plaintiff's lump-sum payment totaling $3,127.00.  Without providing proof of the return, Defendant Discover and Defendant Zwicker have consistently maintained that Plaintiff's lump-sum payment was returned to Plaintiff.

4.10    On December 09, 2019, Defendant Zwicker sent Plaintiff a collection letter, providing that its client, Defendant Discover, would settle Plaintiff's Discover Bank account ending in 1114 for $5,002.00.  A copy of the collection letter is attached hereto as **Exhibit D**.

4.11    On December 10, 2019, Defendant Discover provided a statement of Plaintiff's credit card account ending in 1114 dated August 16, 2017, through September 15, 2017.  This statement does not show that Defendant Discover returned Plaintiff's payment of $3,127.00.

4.12    This statement showed Plaintiff's Discover Bank account ending in 1114 with a previous balance of $3,125.00.  Additionally, this statement showed that Defendant Discover "credited" Plaintiff's Discover Bank account ending in 1114 in the amount of $3,127.00, the settlement amount.  On this statement, Defendant Discover did not apply the "credit" to Plaintiff's Discover Bank account.  Defendant Discover handled the "credited" amount of $3,127.00 instead as a debt, increasing Plaintiff's new balance to $6,252.10.  A copy of the credit card statement is attached hereto as **Exhibit E**.

4.13    To date, Defendant Discover and Defendant Zwicker have not provided Plaintiff with adequate proof that Defendant Discover returned Plaintiff's $3,127.00 lump payment made July 31, 2017.

4.14    At all times pertinent hereto, the Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

4.15    At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

5.1    Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5.2    On July 19, 2017, Defendant Discover entered into a settlement agreement with Plaintiff to settle and close Plaintiff's Discover Bank account ending in 1114.

5.3    Pursuant to the settlement agreement, Plaintiff was required to pay one lump-sum payment totaling $3,127.00.

5.4  On July 31, 2017, Plaintiff made the requisite lump-sum payment, totaling $3,127.00, to Defendant Discover and Defendant Discover accepted Plaintiff's payment.

5.5  Despite accepting Plaintiff's payment, Defendant Discover did not close Plaintiff's account, as settled.  Instead, Defendant Discover sent Plaintiff's account to Defendant Zwicker, on July 31, 2017, to be further collected on.

5.6  Defendant Discover's actions constitute breach of contract where Defendant Discover accepted Plaintiff's settlement payment of $3,127.00 but did not close Plaintiff's collection account as settled.

5.7  Defendant Discover's actions further constitute breach of contract where Defendant Discover sent Plaintiff's settled account to Defendant Zwicker for further collection.

5.8  As a result of Defendant Discover's actions, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

6.1  Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

6.2  Defendant Discover owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered between Defendant Discover and Plaintiff.

6.3  By way of the foregoing conduct, Defendant Discover breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement entered between Defendant Discover and Plaintiff on July 31, 2017.

6.4    Defendant Discover has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement agreement.

6.5    Specifically, Defendant Discover owed a duty to Plaintiff to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

6.6    As a result of Defendant Discover's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Violation of the FDCPA)

7.1    Plaintiff reassert and incorporate herein by reference all facts and allegations set forth above.

7.2    The above contacts between Defendant Zwicker and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and § 1692a(5) of the FDCPA.

7.3    FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

7.4    FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

7.5    Defendant Zwicker engaged in abusive, deceptive, and unfair collection practices, violating the above provisions, where Defendant Zwicker refused to honor the settlement agreement entered into between its client Defendant Discover and Plaintiff on July 19,

2017, and instead sent Plaintiff a collection letter on December 09, 2019, for Plaintiff's settled Discover Bank account ending in 1114.

7.6   Defendant Zwicker knew or should have known that its actions violated the FDCPA.  Additionally, Defendant Zwicker could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

7.7   As a result of the above violations of the FDCPA, Defendant Zwicker is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## COUNT IV
(Violations of the Rosenthal Act)

8.1   Plaintiff reassert and incorporate herein by reference all facts and allegations set forth above.

8.2   It is the purpose of the Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act") to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.  CA CIVIL § 1788.1(1) (2).

8.3   The term "debt collector" is defined as any person who, in the ordinary course of business, regularly, on the behalf of themselves or others, engages in debt collection.  CA CIVIL § 1788.2 (c).

8.4   Defendant Zwicker is a "debt collector" as defined by CA CIVIL § 1788.2 (c).

8.5   Defendant Discover is a "debt collector" as defined by CA CIVIL § 1788.2 (c).

8.6   The term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  CA CIVIL § 1788.2 (h).

8.7 The Plaintiff is a "debtor" as defined by CA CIVIL § 1788.2 (h).

8.8 The term "creditor" means a person who extends consumer credit to a debtor. CA CIVIL § 1788.2 (i).

8.9 Defendant Discover can be defined as a "creditor" under CA CIVIL § 1788.2 (i).

8.10 The Rosenthal Act prohibits a "debt collector," as defined by CA CIVIL § 1788.2 (c), from violating any provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. CA CIVIL § 1788.17.

8.11 Defendant Zwicker violated the Rosenthal Act where Defendant Zwicker violated provisions of the FDCPA. Defendant Zwicker violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1) where Defendant Zwicker refused to honor the settlement agreement entered into between its client Defendant Discover and Plaintiff on July 19, 2017, and sent Plaintiff a collection letter on December 09, 2019, for Plaintiff's settled Discover Bank account ending in 1114.

8.12 Defendant Discover violated the Rosenthal Act where Defendant Discover violated provisions of the FDCPA. Defendant Discover violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1) where Defendant Discover collected Plaintiff's payment of $3,127.00, made pursuant to the settlement agreement Defendant Discover entered into on July 19, 2017, and then sent Plaintiff's account to be further collected on by Defendant Zwicker.

8.13 Defendant Discover and Defendant Zwicker knew or should have known that its actions violated the Rosenthal Act. Additionally, Defendant Discover and Defendant Zwicker could have taken the steps necessary to bring its actions within compliance with the Rosenthal Act but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

8.14 As a result of the above violations, Defendant Discover and Defendant Zwicker are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendant as follows:

(a) That judgment be entered against Defendant Discover for actual and monetary damages accrued by Plaintiff as a result of Defendant Discover's breach of contract;

(b) That judgment be entered against Defendant Discover for actual and monetary damages accrued by Plaintiff as a result of Defendant Discover's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendant Zwicker for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant Zwicker for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and CA CIVIL § 1788.30(c);

(f) That judgment be entered against Defendants for actual damages pursuant to CA CIVIL § 1788.30(a);

(g) That judgment be entered against Defendant for statutory damages pursuant to California Civil Code § 1788.30(b); and

(h) That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Law Offices of Robert S. Gitmeid & Associates, PLLC

/s/ *[signature]*

Jennifer Lynn Tunder, Esq.
*Attorney for Plaintiff, Sarah Stone*